IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## EASTERN DIVISION.

---

KNOXVILLE, SEPTEMBER TERM, 1899.

---

Shaner *v.* Railroad.

(*Knoxville.* September 23, 1899.)

1. WRIT OF ERROR. *Dismissed for want of bond.*
   A writ of error granted, upon the applicant giving bond for costs, will be dismissed on motion if bond is not given as required.

2. PAUPER OATH. *Cannot be substituted for bond.*
   Where the fiat granting writ of error requires bond for costs to be given, a pauper oath will not suffice.

---
Shaner *v*. Railroad.
---

3. SAME. *Insufficient.*
   A pauper oath made more than a year before it is filed or used
   is bad.

---
FROM CARTER.
---

Appeal in error from Circuit Court of Carter
County. H. T. CAMPBELL, J.

FOLSOM, BROWN & EDENS and SIMERLY & ALLEN
for Shaner.

KIRKPATRICK, WILLIAMS, and BOWMAN for Railroad.

CALDWELL, J. Shaner's action against the Southern Railway Company was dismissed in the Circuit Court upon demurrer. He filed a transcript of the record with the Clerk of this Court for writ of error, but gave no notice and executed no bond. One year later, having abandoned his first effort to obtain a writ of error, he presented the record with proper petition and assignment of errors to a member of this Court, and obtained a fiat directing the issuance of a writ of error "on petitioner's giving bond in the usual form and penalty for cost." No bond was given, and for that reason the defendant now moves the Court to dismiss the writ of error.

Shaner *v.* Railroad.

The motion is well made, and the writ of error is dismissed because petitioner failed to execute a bond. Attached to the assignment of errors is a pauper's oath taken by Shaner before the Clerk of the Circuit Court. That oath, however, does not entitle Shaner to prosecute his writ of error. In the first place, the fiat required a bond as a condition precedent to the issuance of the writ, and nothing short of an actual bond can answer that requirement; and, in the next place, if a pauper oath had been authorized by the fiat, that now relied on would be insufficient, because made more than twelve months before the fiat was sought and granted. Neither this Court nor its Clerk would be justified in presuming that petitioner's financial condition had not so improved in that time that he could now execute a cost bond.

The writ is dismissed.